CRAWFORD, Chief Judge
(concurring):
I join the majority in condemning the pretrial punishment administered to appellant and agreeing with the court below that extraordinary circumstances may require the imposition of extraordinary remedies, to include the dismissal of charges where no other reasonably appropriate remedy is available. However, where established remedies are available to vindicate a servicemember’s rights, those remedies must be tried and exhausted before resorting to dismissal of the charges. See United States v. Williams, 504 U.S. 36, 46, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992)(a court’s supervisory power should not be used to prescribe nor enforce standards when other remedies are available); see also United States v. Miller, 46 MJ 248 (1997); United States v. Coffey, 38 MJ 290 (CMA 1993).
Reliance on dicta in United States v. Nelson, 18 USCMA 177, 181, 39 CMR 177, 181 (1969), that implies dismissal of the charges and specifications is an appropriate measure, without more, is misleading in light of more recent Supreme Court precedent, as well as the law of this Court. See Williams, supra; Bank of Nova Scotia v. United States, 487 U.S. 250, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988); Miller, supra; Coffey, supra. A court should not use its supervisory authority *91 to impose extraordinary remedies to vindicate wrongs unless the person allegedly wronged has sought, and failed to obtain, reasonable, remedial relief through, e.g., command channels, either directly or under Article 138, UCMJ, 10 USC § 938; the Inspector General’s Office; or the Chaplaincy. If the command and staff offices have turned a blind eye toward an egregious situation, dismissal of court-martial changes would be warranted as an extraordinary measure. However, we need not determine whether this appellant exhausted his administrative remedies to complain about and halt the abusive treatment to which he was subjected in pretrial confinement because of the trial judge’s curative measures. See, e.g., United States v. Baldwin, 54 MJ 308, 311 n. 4 (2001).