**UNITED STATES**

v.

**Airman Basic Chiquita C. CARTER,
United States Air Force.**

**ACM 34102.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 2 March 2000.

Decided 14 Dec. 2001.

Appellate Counsel for Appellant: Colonel James R. Wise, Lieutenant Colonel Timothy W. Murphy, and Captain Patrick J. Dolan.

Appellate Counsel for the United States: Colonel Anthony P. Dattilo and Major Lance B. Sigmon.

Before BURD, BRESLIN, and HEAD, Appellate Military Judges.

OPINION OF THE COURT

BRESLIN, Senior Judge:

The appellant was convicted, in accordance with her pleas, of unauthorized absence from her place of duty, larceny, forgery, and uttering worthless drafts with intent to defraud, in violation of Articles 86, 121, 123, and 123a, UCMJ, 10 U.S.C. §§ 886, 921, 923, 923a. The sentence adjudged and approved was a bad-conduct discharge, confinement for 13 months, and forfeiture of all pay and allowances.

The appellant raises two issues under *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982). She contends that she was denied her constitutional right of access to an adequate law library while in confinement, and that she was denied equal protection of the law because the naval confinement facility does not award credit for extra good conduct time in the same way as other service confinement facilities. We find no error and affirm.

*Access to Law Library*

In a post-trial affidavit dated 20 February 2001, the appellant indicated that she was confined at the Naval Consolidated Brig,

Miramar, and that she did not have access to a law library. She claimed this left her unable to do legal research regarding her appeal. In response, the government submitted a statement indicating that essential law library materials have always been available to inmates at the Miramar brig and that, beginning in November 2000, these materials were also made available to all inmates through dormitory computers.

It appears the affidavits are in conflict over a factual matter. Our superior court has ruled that this Court does not have fact-finding authority in that circumstance. *United States v. Ginn,* 47 M.J. 236, 243 (1997). However, we find it unnecessary to resolve this matter on factual grounds.

Citing *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the appellant asserts that confinement facilities must provide prisoners with adequate law libraries. In *Bounds,* the Supreme Court was concerned with prisoners' fundamental right of access to the courts. The Court reasoned that the right of access required that prisoners have "adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. 1491. "It should be noted that while adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, our decision here, as in [*Younger v.*] *Gilmore,* [404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971)] does not foreclose alternative means to achieve that goal." *Id.* Among the alternatives cited by the Court was the use of full-time attorneys working as part of legal services offices. *Id.* at 830, 97 S.Ct. 1491. "Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). A prisoner must also demonstrate that the alleged shortcomings in the library or the legal assistance program hindered his efforts to pursue a legal claim. *Id.*

The appellant is entitled to legal services on appeal under Article 70(c), UCMJ, 10 U.S.C. § 870(c). The appellant was provided a full-time attorney assigned to the Air Force Legal Services Agency, Appellate Defense Division, to provide legal services in support of her appeal. We conclude, therefore, that the requirements of *Bounds* have been satisfied here. Even if the law library at the Miramar brig was inadequate or non-existent, the appellant has not been denied access to courts or proper assistance on appeal.

*Award of Extra Good Conduct Time Credit*

In a post-trial affidavit, the appellant avers she was not eligible to receive extra good conduct time credit for work in the confinement facility. She states:

> As a female inmate, I had to be sent to the Miramar Brig, where I was confined between 10 March 2000 and 23 January 2001. When I arrived, I learned from other inmates that I would not be eligible to receive extra good time for my outstanding work in the facility, even though these other inmates had been awarded this type of extra good conduct time when they worked the same types of jobs at Army and Air Force facilities before their transfers to Miramar. When I asked about this, I was told that the Navy has elected to not grant this type of credit, and that this type of credit is given by the other service facilities. I was told to raise this issue during my appeal.

The appellant asserts that this denies her the equal protection of the law.

The problem of prisoner appeals continues to vex military appellate processes. *United States v. Miller,* 46 M.J. 248, 250 (1997). This is so because the appellate review provided by Articles 66 and 67, UCMJ, 10 U.S.C. §§ 866, 867, is geared toward direct review of the findings and sentence, and there is no clear-cut procedure for a military prisoner to follow to litigate issues arising out of post-trial confinement. *Id.* As a result, military appellate courts have generally applied ad hoc, rather than systemic, remedies. *United States v. Erby,* 54 M.J. 476, 480 (2001) (Crawford, C.J., concurring in part and dissenting in part). Nonetheless, our superior court has recognized several procedural prerequisites before military appellate courts will consider judicial intervention into post-trial confinement complaints.

■ One requirement is that a prisoner must seek administrative relief prior to seeking judicial intervention. *United States v. Coffey,* 38 M.J. 290, 291 (C.M.A.1993). An appellant must show an appellate court, absent some unusual or egregious circumstance, that he or she has exhausted the prisoner grievance system of the confinement facility, complained to the Inspector General, and petitioned for relief under Article 138, UCMJ, 10 U.S.C. § 938. *Id.* The purpose of this requirement is to promote the resolution of issues at the lowest level, and to ensure that an adequate record is developed to facilitate later review. "An appellant who asks us to review prison conditions, a matter normally not within our appellate jurisdiction, must establish a clear record demonstrating both the legal deficiency in administration of the prison and the jurisdictional basis for our action." *Miller,* 46 M.J. at 250.

■ In this case, there is no evidence that the appellant made any attempt to exhaust her administrative remedies before raising this complaint. Her affidavit does not indicate that she spoke to confinement officials or anyone else in a position of authority, or that she ever requested relief. The appellant's complaint appears to be based upon information learned from other unknown inmates. Requiring her to exhaust her administrative remedies will avoid the possibility that she is mistaken about Navy correctional practices. Also, because the appellant has failed to attempt to resolve this matter at a lower level, there is no record for this Court to review.

Without some clear record, this Court can only speculate about the scope of the issue. The appellant complains that "the Navy has elected to not grant" extra good conduct time credit. (At the same time the appellant's brief cites SECNAVINST 1640.9B, *Department of the Navy Corrections Manual,* Article 9206, which provides for that type of credit.) We cannot identify the gravamen of the appellant's complaint. We cannot tell whether the appellant contends that the Navy as an institution is refusing to grant any extra good conduct time credit. We do not know whether it is only the facility at Miramar that refuses to grant the credit.

We cannot tell if the appellant is alleging that the credit is simply not offered because the facility has not approved special work projects, educational endeavors, or training efforts suitable to the purpose. It is not apparent whether the appellant contends that the approval authority is abusing his or her discretion in declining to approve the credits or the programs deserving of the credit. Without a clear record, we could only guess, and we decline to do so.

Appellants must also allege some actual injury in order to obtain appellate relief. Article 59(a), UCMJ, 10 U.S.C. § 859(a), provides that the finding or sentence of a court-martial may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused. The requirement that a petitioner show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to other branches. *Lewis v. Casey,* 518 U.S. at 349, 116 S.Ct. 2174. This Court cannot grant relief without some showing that the claimed error has the required adverse effect on the appellant.

The appellant has not demonstrated actual injury. She has not alleged she has actually performed the kind of extra work that would merit such credit, and that the credit has been denied to her. Her complaint appears to be prospective in nature, addressing the possibility that she would not be eligible in the future for extra good conduct time credit. Additionally, the appellant has not indicated she would be eligible under the regulation to receive extra good conduct time credit if available.

The appellant's claim does not demonstrate that the confinement facility failed to follow applicable standards for awarding extra good conduct time credit, or failed to balance institutional or individual needs as a matter of regulatory, statutory, or constitutional law. *Miller,* 46 M.J. at 250. Certainly there is no allegation that could constitute cruel and unusual punishment under Article 55, UCMJ,

**652**

10 U.S.C. § 855. For these reasons, we find no basis for the relief requested.

### *Conclusion*

The findings and sentence are correct in law and fact and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Turner*, 25 M.J. 324, 325 (C.M.A.1987). Accordingly, the findings and sentence are

AFFIRMED.