UNITED STATES, Appellee,

v.

**William K. COFFEY, Sergeant
U.S. Army, Appellant.**

No. 68,501.
CMR No. 9102877.

U.S. Court of Military Appeals.

Submitted Oct. 21, 1992.

Decided Sept. 29, 1993.

For Appellant: *Lieutenant Colonel James H. Weise, Captain Robin N. Swope, Captain Clayton R. Diedrichs.*

For Appellee: *Major Kenneth T. Grant.*

PER CURIAM:

Following his conviction for the premeditated murder of his wife, appellant was sentenced to confinement for life, total forfeitures, reduction to the lowest enlisted grade and a dishonorable discharge. Acting pursuant to a pretrial agreement, the convening authority reduced the term of confinement to 75 years, but otherwise approved the sentence. The Court of Military Review affirmed the findings and sentence without opinion.

■ Appellant has petitioned this court for a grant of review, contending that his court-martial lacked jurisdiction because the military judge was not appointed under the terms of Article II, section 2, paragraph 2, clause 2 of the Constitution (the Appointments Clause).[1] Counsel have also drawn our attention to a matter personally raised by appellant, specifically that the conditions of his confinement at the United States Disciplinary Barracks, Ft. Leavenworth, Kansas, violate his constitutional right to be free from cruel and unusual punishment.

The issue raised by counsel has been resolved by our opinion in *United States v. Weiss,* 36 MJ 224 (1992), *aff'd,* —— U.S. ——, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). However, because he filed his petition for grant of review while that case

---

1. That issue is as follows:

WHETHER APPELLANT'S COURT–MARTIAL LACKED JURISDICTION BECAUSE THE MILITARY JUDGE WAS DESIGNATED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION, *SEE GENERALLY* U.S. CONST. ART. II, § 2, para. 2, CL. 2; *FREYTAG V. COMMISSIONER OF IN-*

*TERNAL REVENUE,* —— U.S. ——, 111 S.CT. 2631, 115 L.Ed.2d 764 (1991). BECAUSE THIS ERROR IS JURISDICTIONAL AND THE RECORD CONTAINS NO EVIDENCE OF A KNOWING WAIVER, THE ISSUE IS NOT WAIVED BY A FAILURE TO RAISE IT AT TRIAL. *BUT SEE UNITED STATES V. CLAXTON,* 34 MJ 1112 (CGCMR 1992).

was sub judice, we will grant his petition for review. *See United States v. Rice,* 36 MJ 264 (CMA 1993).

Appellant's personal assertion of error is troublesome. He claims that he was locked in his cell for 40 days; he went 8 days without a shower; he went 2 weeks without clean bed linens; he could not wash his clothing; he had no water at all for 5 days; he could not wash or even flush his toilet; he was served "cold sack lunches" containing partially cooked food and spoiled fruit; and, during the 40–day period, he was denied access to the trial defense service.

■ However, appellant's constitutional claim of cruel and unusual punishment is not ripe for review under Article 67(a), Uniform Code of Military Justice, 10 USC § 867(a)(1989). While Article 55, UCMJ, 10 USC § 855, prohibits such punishment, and under appropriate conditions we might exercise our power to issue an extraordinary writ, a prisoner must seek administrative relief prior to invoking judicial intervention.

**2.** 28 USC § 1651(a); *see also* Art. 55, Uniform

In this regard appellant must show us, absent some unusual or egregious circumstance, that he has exhausted the prisoner grievance system of the Disciplinary Barracks and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938. Cf. *Walker v. United States,* 19 USCMA 247, 41 CMR 247 (1970).

For these reasons we reject appellant's personally assigned error at this time. On a proper showing that he has exhausted his administrative remedies, he is free to invoke the All Writs Act[2] at the Court of Military Review to determine the relief, if any, to which he may be entitled. If not satisfied at that level, he may once more present his claims to us. *Dettinger v. United States,* 7 MJ 216 (CMA 1979).

The petition for review is granted as to the issue raised by appellate defense counsel but denied as to those matters personally raised by appellant.

The decision of the United States Army Court of Military Review is affirmed.

Code of Military Justice, 10 USC § 855.