**UNITED STATES, Appellee**

v.

**Alfred B. MILLER, Staff Sergeant
U.S. Air Force, Appellant.**

No. 96–0934.
Crim.App. No. S29069.

U.S. Court of Appeals for
the Armed Forces.

Argued Jan. 9, 1997.

Decided July 1, 1997.

For Appellant: *Major Ray T. Blank, Jr.*
(argued); *Colonel David W. Madsen* (on
brief); *Colonel Jay L. Cohen* and *Lieutenant
Colonel Kim L. Sheffield.*

For Appellee: *Captain Deborah M. Carr*
(argued); *Colonel Theodore J. Fink* and
*Lieutenant Colonel Michael J. Breslin* (on
brief).

*Opinion of the Court*

COX, Chief Judge:

Appellant was tried by a military judge
sitting alone as a special court-martial at
Royal Air Force Lakenheath, Suffolk, Eng-
land, on May 25, 1995. In accordance with
his pleas, he was convicted of wrongful use of
hashish, and wrongful use of marijuana, in
violation of Article 112a, Uniform Code of
Military Justice, 10 USC § 912a. Appellant
was sentenced to a bad-conduct discharge,
confinement for 45 days, and reduction to E–
3. The convening authority approved the sen-
tence. The Court of Criminal Appeals af-
firmed in an unpublished opinion dated
March 20, 1996.

## FACTS

Appellant contends that he was prevented from fully practicing the tenets of his religion, because he was forced to work on Saturdays, the recognized Sabbath of the Seventh Day Adventists. The information presented to this Court in the form of affidavits shows that the matter of working on Saturday was addressed by government representatives on several occasions. Shortly before appellant entered confinement to begin serving his sentence, his counsel asked the non-commissioned officer in charge (NCOIC) of the confinement facility if arrangements could be made so that appellant would not have to work on his Sabbath, which was Saturday. The NCOIC advised that confinement personnel made "reasonable accommodations for the prisoners to exercise their religious beliefs." Thereafter, appellant informed his counsel that he was having to work on Saturday, so counsel consulted the base staff judge advocate.

When counsel was advised that confinement personnel "had determined that it was not reasonable to allow ... [appellant] to exercise his religion on Saturday" because of lack of manpower, defense counsel again consulted the legal office. It appears that the legal office took the position that this decision of the confinement personnel was "reasonable." Thereafter, counsel advised appellant that his only recourse was a congressional or an Inspector–General (IG) complaint. In response to appellant's complaint filed after his release from confinement, the Wing IG reported being "able to partially substantiate your allegations that you were not allowed to observe the Sabbath," but did not conclude that any relief was warranted.

## ISSUES

We granted review of the following issues:

### I

WHETHER THE LOWER COURT MIS-INTERPRETED THIS COURT'S DECISION IN *UNITED STATES V. COFFEY*, 38 MJ 290 (CMA 1993), TO REQUIRE THAT AN APPELLANT, WHO WAS NO LONGER CONFINED, HAD TO EXHAUST ADMINISTRATIVE REMEDIES WHILE CONFINED TO RAISE THE ISSUE OF ILLEGAL POST–TRIAL CONFINEMENT ON APPEAL.

### II

WHETHER THE LOWER COURT ERRED BY FAILING TO FOLLOW ITS OWN PRECEDENT IN ADMITTING AN AFFIDAVIT CONTAINING UNSWORN HEARSAY.

## DISCUSSION

We do not reach Issue II, because we resolve the matter adversely to appellant under Issue I.

■ This case comes to us through our power of review under Article 67, UCMJ, 10 USC § 867 (1994), which states, in pertinent part:

(a) The Court of Appeals for the Armed Forces shall review the record in —

\* \* \*

(3) all cases reviewed by a Court of Criminal Appeals in which, upon petition of the accused and on good cause shown, the Court of Appeals for the Armed Forces has granted a review.

\* \* \*

(c) In any case reviewed by it, the Court of Appeals for the Armed Forces may act only with respect to the findings and sentence as approved by the convening authority and as affirmed or set aside as incorrect in law by the Court of Criminal Appeals.... In a case reviewed upon petition of the accused, that action need be taken only with respect to issues specified in the grant of review. The Court of Appeals for the Armed Forces shall take action only with respect to matters of law.

Prisoner complaints are a vexing problem. We have been faced with these questions on direct appeal pursuant to Article 67, and we have encountered the questions under our extraordinary-writ powers. *See, e.g., United*

*States v. Coffey,* 38 MJ 290 (CMA 1993); *United States v. Palmiter,* 20 MJ 90, 97 (CMA 1985); *Courtney v. Williams,* 1 MJ 267 (CMA 1976). There is no clear-cut procedure for a military prisoner to follow in order to obtain relief from illegal post-trial confinement. Unlike his or her civilian counterpart, the military prisoner is afforded no civil remedy for illegal confinement under 42 USC §§ 1983 and 1985, or the Federal Tort Claims Act, 28 USC §§ 1346 & 2671, *et seq. See Palmiter, supra* at 93 n. 4.

However, in *Coffey,* we noted that "a prisoner must seek administrative relief prior to invoking judicial intervention. In this regard, appellant must show us, absent some unusual or egregious circumstance, that he has exhausted the prisoner-grievance system of the Disciplinary Barracks and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938." 38 MJ at 291. In addition to promoting resolution of grievances at the lowest possible level, the exhaustion requirement in Coffey is intended to ensure that an adequate record has been developed with respect to the procedures for considering a prisoner grievance and applicable standards. An appellant who asks us to review prison conditions, a matter normally not within our appellate jurisdiction, must establish a clear record demonstrating both the legal deficiency in administration of the prison and the jurisdictional basis for our action.

■ There is no such record in this case. Appellant has not demonstrated that he exhausted either the applicable prisoner-grievance system[1] or remedies pursuant to Article 138, and he has not demonstrated unusual or egregious circumstances that would justify his failure to do so. At no time did appellant or his counsel seek relief from the military judge. During the critical period, the record of trial had not been authenticated and the military judge could have been brought into the question of illegal post-trial confinement, if indeed that were the case. In sum, appellant simply has claimed that he made a request for accommodation and that it was denied.[2]

Because appellant's claim is not supported by evidence of the relevant procedures and standards for assessing such a request, it does not demonstrate as a matter of law that the service failed to follow applicable grievance procedures or applicable standards governing requests to accommodate religious practices in the service, on the installation, or in the confinement facility. Likewise, the claim, without more, does not demonstrate that the service failed to properly balance institutional and individual needs as a matter of regulatory, statutory, or constitutional law. Finally, the claim, standing alone, does not demonstrate that any deficiencies amounted to cruel and unusual punishment under Article 55, UCMJ, 10 USC § 855, or the United States Constitution. *See United States v. Cruz,* 25 MJ 326 (CMA 1987). Perhaps a claim of ineffective assistance of counsel could be made on these issues, but that question is not before us.

■ Indeed, in a case in which a record has been made on the issue, the purposeful interference with a servicemember's First Amendment right to believe in a particular religion and to practice that religion would be cause for judicial intervention, either to provide credit for illegal pretrial punishment or to mandate relief to cure post-trial abuses. *See United States v. Phillips,* 42 MJ 346, 348 (1995).

---

1. Our research with regard to this issue reveals that Air Force confinement facilities follow no specific written policy or instruction with regard to such complaints. The unwritten policy allegedly encourages that complaints should be made up the chain of command at the confinement facility and a parallel complaint may be made to the Inspector General's office anytime after a complaint to the corrections officer has been initiated. Complaints to the Inspector General are governed by Air Force Policy Directive 90–3, 6 December 1993.

2. The affidavit which is the basis for Issue II suggests that the chaplain may have a role in assessing requests for religious accommodation. This would appear to be a reasonable assumption, but appellant has failed to negate the availability of any remedy from the chaplain. These comments are not intended to suggest any opinion on the issue of whether the affidavit in question was admissible.

As we stated in *Coffey*, the prospective nature of the relief requested in these prisoner claims lends itself quite readily to extraordinary relief under our All Writs Act jurisdiction, 28 USC § 1651(a), but it does not lend itself well to an appeals court's attempting to fashion some corrective remedy some 22 months after the fact.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Judges CRAWFORD, GIERKE, and EFFRON concur.

SULLIVAN, Judge (dissenting):

Today, the majority writes an additional chapter for the military satire, "Catch 22" (Joseph Heller). On the one hand, it holds that a convicted servicemember has a right to be free from purposeful interference with his religious practice by prison authorities. On the other hand, it holds no redress is available for the violation of this right unless it is objected to in specific ways which a servicemember had no reason to believe were mandatory. More particularly, the majority recognizes that "[t]here is no clear-cut procedure for a military prisoner to follow in order to obtain relief from illegal post-trial confinement." 46 MJ at 250. Yet, it fatally faults appellant, a short-term prisoner, for not demonstrating that he exhausted certain formal methods of seeking relief such as the applicable prisoner-grievance system, the Article 138, Uniform Code of Military Justice, 10 USC § 938, complaint procedure, or a post-trial claim to the military judge. This hypertechnical approach is unacceptable because it ignores the reasonable steps that appellant did take to present his religious claim in a timely and competent fashion.

Appellant or his representatives took the following steps to present his religious claim during his short period of confinement:

1. Appellant notified his defense counsel prior to his imprisonment about his religious problem.

2. Appellant, upon confinement, immediately notified prison authorities of his request.

3. Appellant also immediately notified his pastor who shortly thereafter contacted prison authorities validating appellant's request.

4. Appellant filed an inspector-general complaint immediately after his confinement as advised by his defense counsel.

5. Defense counsel, during appellant's confinement, twice contacted the office of the staff judge advocate for the convening authority about appellant's religious concerns.

In this light, it seems patently unfair to me to deny his claim on the post-factum basis that he failed to follow proper procedure.

The right to be free to practice your religion is an important right for the American servicemember, even for one in prison. *See United States v. Phillips*, 42 MJ 346, 353 (1995). Here, the Court of Criminal Appeals erred in refusing to decide whether appellant's religious rights were violated by prison authorities. Unpub. op. at 4. Specifically, the court below made a mistake by applying *United States v. Coffey*, 38 MJ 290 (CMA 1993), in appellant's direct-review case under Article 66, UCMJ, 10 USC § 866 (1994). *Coffey* was written by our Court to apply only to cases where an appellant was still in prison. In *Coffey*, this Court required exhaustion of administrative remedies before one can get relief from an appellate court.

In the case at bar, a case where appellant had completed his prison term, the court below cited *Coffey* as a bar to relief and, thus, failed to complete its Article 66 review of appellant's case. If the court below had not misread *Coffey*, their full Article 66 review might have examined appellant's claims to see if his religious freedoms were in any way violated. I would remand this case to that court to have them use their factfinding power under Article 66(c) to see if the prison violated appellant's rights or whether the sentence was carried out in an improper manner.

I cannot vote to affirm appellant's case until he has his full appellate review. Perhaps appellant's exercise of his religion should bow to the demands of prison life. But the court below did not decide this issue because they misread *Coffey*. Appellant's

religious claim of being forced to work Saturdays in a military prison may seem, on its face, to be at most a minor infraction of religious freedom, especially in light of the work ethic and requirements for our entire military to work (if military necessity requires) 7 days a week, 365 days a year. Nevertheless, religious rights are one of our sacred freedoms, and they should not be ignored. Appellant has the right to claim on appeal that his religious rights were violated, and he has the right for an appellate court to determine if there was a violation. If we ignore any claim of religious rights' violation, in effect we no longer can claim that religious freedom exists for all.