# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Lloyd E. VICKREY, Jr.
### Aviation Maintenance Technician Chief (E-7), U.S. Coast Guard

## CGCMG 0223

## Docket No. 1274

## 10 June 2008

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 18 May and 10-14 July 2006.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCGR |
| Assistant Trial Counsel: | LCDR Patrick Flynn, USCG |
| Civilian Defense Counsel: | Greg D. McCormack, Esquire |
| Detailed Defense Counsel: | LT Jared Edgar, JAGC, USN |
| Appellate Defense Counsel: | LT Lynn R. S. Capuano, USCGR[1] |
| | LCDR Necia L. Chambliss, USCGR[2] |
| Assistant Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG[3] |
| | LT Robert M. Pirone, USCGR[4] |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, FELICETTI & TUCHER
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial composed of members. Contrary to his pleas, Appellant was convicted of one specification of rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ). The court sentenced Appellant to confinement for five years, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence

---

[1] LT Capuano filed the briefs and remained as lead appellate defense counsel until she departed on terminal leave.
[2] LCDR Chambliss was designated as lead appellate defense counsel on 13 August 2007.
[3] LCDR Truax remained as assistant appellate defense counsel until she departed on terminal leave.
[4] LT Pirone was designated as assistant appellate defense counsel on 13 August 2007.

as adjudged and waived the forfeiture of all pay and allowances in favor of Appellant's dependents as allowed by Article 58b(b), UCMJ, for six months.

Before this Court, Appellant assigns two errors: (1) the evidence is factually insufficient to support the guilty finding of rape; and (2) this Court should consider the brig's denial of Appellant's request to write to his daughter and the Coast Guard's failure to regularly contact Appellant in determining the sentence that should be approved.

Appellant was found guilty of raping his stepdaughter, BH, on divers occasions when she was between about ten and fourteen years old. After careful consideration of the record, we are convinced of Appellant's guilt beyond a reasonable doubt. The first assignment is rejected.

Concerning the second assignment, Appellant complains that he has twice requested permission to write to his biological daughter, KV, but both requests were denied. In his affidavit dated 28 March 2007, he states that he is "presently preparing an Article 138 complaint regarding this denial." His reply brief dated 5 June 2007 avers the same.

Appellant's affidavit dated 28 March 2007 also states that he has received two visits from a Coast Guard member since he was confined on 14 July 2006, and has been unable to get assistance from his command, specifically regarding a pay issue, eventually resolved with counsel's assistance, and a uniform issue.

A prisoner must seek administrative relief prior to invoking judicial intervention, and, absent unusual or egregious circumstance, must show the court that he has exhausted any prisoner grievance system and has petitioned for relief under Article 138, UCMJ. *United States v. Coffey*, 38 M.J. 290, 291 (C.M.A. 1993). An appellant who seeks judicial relief for alleged wrongs within the prison confining him or her "must establish a clear record demonstrating both the legal deficiency in administration of the prison and the jurisdictional basis for the court's action." *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997). Absent either unusual or egregious circumstances or the exhaustion of all avenues of administrative remedy, this Court is

not free to act upon an appellant's complaint concerning the conditions of his confinement. *United States v. Ouimette*, 52 M.J. 691, 695-96 (C.G.Ct.Crim.App. 2000).

Concerning command attention to a member confined pursuant to court-martial sentence, the Coast Guard Personnel Manual (PERSMAN), COMDTINST M1000.6A, dated 8 January 1988, requires the command of a person such as Appellant to maintain contact with the prisoner by mail or telephone weekly during the first month of confinement and at least monthly thereafter. Paragraph 8.F.6.b. of PERSMAN.[5]

Appellant does not address whether mail or telephone contact has been maintained by his command in accordance with the Personnel Manual, indicating only that he has received two in-person visits.[6] As to both command contact and permission to write to his daughter, the limited record is by no means clear that Appellant has been treated unreasonably or that there is any legal deficiency. As noted above, it is up to Appellant to establish a clear record demonstrating any legal deficiency. *Miller*, 46 M.J. at 250. Further, there is no evidence that he has exhausted administrative remedies, only that he was "presently preparing an Article 138 complaint." Under these circumstances, we are not inclined to grant relief.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Jane R. Lee
Clerk of the Court

---

[5] Paragraph 8.F.6.b. of PERSMAN has existed unchanged since before Appellant's trial.
[6] Appellant's brief asserts that he has received no letters or phone calls (Appellant Br. at 26), but this assertion is not supported by his sworn affidavit.