# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

### UNITED STATES
#### v.

### Senior Airman ANDREW J. THOMPSON
### United States Air Force

### ACM S32019 (rem)

### 29 January 2014

Sentence adjudged 13 December 2011 by SPCM convened at Buckley Air Force Base, Colorado. Military Judge: Scott E. Harding (sitting alone).

Approved sentence: Bad-conduct discharge, confinement for 3 months, forfeiture of $978.00 pay per month for 3 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Scott W. Medlyn and Major Daniel E. Schoeni.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel C. Taylor Smith; Major Rhea A. Lagano; and Gerald R. Bruce, Esquire.

Before

ORR, HARNEY, and MITCHELL
Appellate Military Judges

OPINION OF THE COURT
UPON FURTHER REVIEW

This opinion is subject to editorial correction before final release.

HARNEY, Senior Judge:

On 13 December 2011, in accordance with the appellant's pleas, a military judge sitting alone found the appellant guilty of one specification of wrongful use of a synthetic cannabinoid commonly referred to as "spice" and one specification of wrongful use of "spice" while on duty as a sentinel or lookout, both in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The military judge sentenced the appellant to a bad-conduct discharge, confinement for 3 months, forfeiture of $978.00 pay per month for 3 months, and

reduction to E-1.  On 18 January 2012, the convening authority approved the sentence as adjudged.

On 27 August 2012, the appellant raised two issues for our consideration on appeal: (1) Whether the appellant's confinement in the same open cell, or "pod," with a foreign national at the Douglas County Jail (DCJ) in Colorado violated Article 12, UCMJ, 10 U.S.C. § 812, and, if so, whether the burden should be placed upon the appellant for resolving a violation of Article 12, UCMJ, because it promotes a national security interest beyond the individual interest of the appellant; and (2) Whether the appellant was denied his Sixth Amendment[1] right to effective assistance of counsel when the appellant's trial defense counsel failed to advise the appellant of his Article 12, UCMJ, rights or the process for resolving an Article 12, UCMJ, violation.[2]

On 19 November 2012, we issued an opinion finding an Article 12, UCMJ, violation and awarded the appellant 30 days confinement credit.  *United States v. Thompson*, ACM S32019 (A.F. Ct. Crim. App. 19 November 2012) (unpub. op).  The Government filed a motion on 19 December 2012 asking us to reconsider our decision *en banc* in accordance with A.F. CT. CRIM. APP. R. PRAC. AND PROC. 17.1 and 19 (2010).  The Government asserted that our initial decision was inconsistent with our decision in *United States v. Hogeland*, ACM 37821 (A.F. Ct. Crim. App. 10 October 2012) (unpub. op.).  On 8 February 2013, we granted the Government's motion to reconsider en banc and vacated our prior decision.

On 18 March 2013, we issued an en banc decision denying the appellant relief on both assignments of error.  *United States v. Thompson*, ACM S32019 (A.F. Ct. Crim. App. 18 March 2013) (unpub. op).  The appellant filed a petition for review with the Court of Appeals for the Armed Forces on 17 May 2013.  On 10 October 2013, the Court granted the appellant's petition for review on the issue of whether one of the judges who participated in the 18 March 2013 decision was unconstitutionally appointed.  In the same order, the Court vacated our decision and remanded the case for further review by a properly appointed Court of Criminal Appeals in light of *Ryder v. United States*, 515 U.S. 177 (1995), and *United States v. Carpenter*, 37 M.J. 291 (C.M.A. 1993), *vacated*, 515 U.S. 1138 (1995).  Daily Journal:  *United States v. Thompson*, 72 M.J. 81 No. 13-0231/AF (Daily Journal 1 February 2013).

Our decision today reaffirms our earlier decision dated 18 March 2013.[3]  We deny the appellant relief on both claims.

---

[1] U.S. CONST. amend. VI.

[2] The appellant raises both issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] This opinion is rendered by a properly appointed panel of the Court, and is not an en banc decision.

*Background*

On 13 December 2011, the appellant was tried at Buckley Air Force Base, Colorado. At the conclusion of his trial, the appellant was initially confined at DCJ and remained there until his transfer to the Miramar Naval Brig on 12 January 2012. In his post-trial declaration, the appellant states that each day during his 30 days of confinement time at DCJ, he had direct and indirect interaction on numerous occasions with 8-12 "Mexicans" being held for deportation. The appellant states that between 0700-2130 hours, he congregated with the foreign nationals by watching television, playing cards and games, sharing cleaning details, and playing basketball together. During the nighttime hours, the appellant was confined to a separate cell.

Even though it was clear to the appellant that he was confined with foreign nationals, which implicates Article 12, UCMJ, he did not advise his trial defense counsel or submit a complaint under Article 138, UCMJ, 10 U.S.C. § 938. In his declaration, the appellant states, "I had no knowledge of Article 12, UCMJ, or that my confinement in immediate association with a foreign national was a violation of Article 12," UCMJ. He stated he was aware of a prisoner grievance system at DCJ, but did not use the system because he was "unaware that [his] situation was in violation of any regulations." He further avers that he did not seek redress under Article 138, UCMJ, because neither his unit nor his trial defense counsel told him about that process. The appellant has not submitted any independent evidence to support his allegation.

*Article 12, UCMJ*

We review de novo the question of whether an appellant's post-trial confinement violates Article 12, UCMJ. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007). Article 12, UCMJ, states: "No member of the armed forces may be placed in confinement in immediate association with enemy prisoners or other foreign nationals not members of the armed forces." The "immediate association" language means that military members can be confined in the same jail or brig as a foreign national, but they have to be segregated into different cells. *Wise*, 64 M.J. at 475.

In addition, "'[A] prisoner must seek administrative relief prior to invoking judicial intervention' to redress concerns regarding post-trial confinement conditions." *Wise*, 64 M.J. at 471 (alteration in original) (quoting *United States v. White*, 54 M.J. 469, 472 (C.A.A.F. 2001)). *See also United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997). The purpose of this requirement is to promote the "resolution of grievances at the lowest possible level and [to ensure] that an adequate record has been developed" to aid our appellate review. *Wise*, 64 M.J. at 471 (quoting *Miller*, 46 M.J. at 250). "Since a prime purpose of ensuring administrative exhaustion is the prompt amelioration of a prisoner's conditions of confinement, courts have required that these complaints be made

while an appellant is incarcerated." *Id.* "Exhaustion requires [the a]ppellant to demonstrate that two paths of redress have been attempted, each without satisfactory result." *Id.* The appellant "must show that, 'absent some unusual or egregious circumstance . . . he has exhausted the prisoner-grievance system [in the confinement facility] and that he has petitioned for relief under Article 138," UCMJ. *Id.* (citing *White*, 54 M.J. at 472).[4]

The appellant failed to exhaust available administrative remedies within the military system that might have triggered an investigation into his allegation in a timely manner. For example, the appellant failed to file an Article 138, UCMJ, complaint; failed to submit a complaint with the Inspector General; failed to file a grievance with the confinement facility; and failed to inform his chain of command or his trial defense counsel about his situation. In fact, the appellant waited nearly five months after release from confinement and seven months after final action to file an affidavit raising the issue. We find no "unusual or egregious circumstances" to excuse the appellant's failure to pursue available administrative remedies. *See Wise*, 64 M.J. at 471. Under the unique facts of this case, we conclude the appellant is barred from pursuing his claim.

*Ineffective Assistance of Counsel*

The appellant next argues he was denied his Sixth Amendment right to effective assistance of counsel because his trial defense counsel failed to advise him about Article 12, UCMJ, or the process for resolving an Article 12, UCMJ, violation. We again disagree and deny the appellant's claim for relief.

This Court reviews claims of ineffective assistance of counsel de novo. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (citations omitted). When reviewing such claims, we follow the two-part test outlined by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687 (1984) where the appellant must demonstrate (1) a deficiency in counsel's performance that is "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment"; and (2) that the deficient performance prejudiced the defense through errors "so serious as to

---

[4] Article 138, UCMJ, 10 U.S.C. § 938, states:

> Any member of the armed forces who believes himself wronged by his commanding officer, and who, upon due application to that commanding officer, is refused redress, may complain to any superior commissioned officer, who shall forward the complaint to the officer exercising general court-martial jurisdiction over the officer against whom it is made. The officer exercising general court-martial jurisdiction shall examine into the complaint and take proper measures for redressing the wrong complained of; and he shall, as soon as possible, send to the Secretary concerned a true statement of that complaint, with the proceedings had thereon.

deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687.

The deficiency prong requires the appellant to show his trial defense counsel's performance "fell below an objective standard of reasonableness," according to the prevailing standards of the profession. *Id*. at 688. The prejudice prong requires the appellant to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In doing so, the appellant "must surmount a very high hurdle." *United States v. Perez*, 64 M.J. 239, 243 (C.A.A.F. 2006) (citations omitted). This is because counsel is presumed competent in the performance of their representational duties. *United States v. Anderson,* 55 M.J. 198, 201 (C.A.A.F. 2001). Thus, judicial scrutiny of a defense counsel's performance must be "highly deferential and should not be colored by the distorting effects of hindsight." *United States v. Alves*, 53 M.J. 286, 289 (C.A.A.F. 2000) (citing *Strickland*, 466 U.S. at 689).

"[T]he defense bears the burden of establishing the truth of the factual allegations that would provide the basis for finding deficient performance." *Tippit*, 65 M.J. at 69. *See also United States v. Polk*, 32 M.J. 150, 153 (C.M.A. 1991) (Counsel "has a duty to make reasonable investigations to determine what the true facts are."). When there is a factual dispute, appellate courts determine if further fact-finding is required under *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997). We may decide a factual dispute without further fact-finding when the "appellate filings and the record as a whole 'compellingly demonstrate' the improbability" of the facts alleged by the appellant. *Id*. at 248.

In his affidavit, the appellant asserts his trial defense counsel, Captain (Capt) MF told him he was "being transferred [to Miramar from DCJ] because the UCMJ prohibited me from being housed in a civilian confinement facility for more than 30 days." He also states that he was "never told" of the Article 138, UCMJ process by his "unit or defense counsel" and consequently did not seek redress using that process. Finally, he states that he was aware of the prisoner grievance process but did not use it "because I was unaware that my situation was in violation of any regulation."

The appellant has not met his burden under the first prong of *Strickland* because he has not established the truth of the factual allegations underlying his claim that Capt MF's performance as trial defense counsel was deficient. *Strickland*, 466 U.S. at 687. We conclude Capt MF effectively represented the appellant before, during, and after his court-martial. In her affidavit, Capt MF states that during her post-trial representation, she asked the base legal office about the status of the appellant's move from DCJ to Miramar. The legal office told Capt MF that the appellant's mother had raised issues about his safety at DCJ. Upon hearing this, Capt MF immediately followed up with the appellant, whom she says assured her that "he was not personally concerned for his own safety." The appellant failed to mention to Capt MF at this time that he was

housed with foreign nationals.  Nor did the appellant raise this issue to Capt MF during the clemency process.

In addition, Capt MF explained to the appellant during his court-martial that it was impermissible for military members to be housed with foreign nationals in the context of illegal pretrial confinement under Article 13, UCMJ, 10 U.S.C. § 813.  The appellant acknowledged to the military judge that he understood this concept.  The appellant was at least on notice that being housed with foreign nationals might be an issue during his post-trial confinement.

Having found Capt MF's performance as trial defense counsel did not fall "below an objective standard of reasonableness," according to the prevailing standards of the profession, *Strickland*, 466 U.S. at 688, we also find that additional fact-finding is not required in this case.  *Ginn*, 47 M.J. at 248.

## *Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed,* 54 M.J. 37, 41 (C.A.A.F. 2000).  Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court