# UNITED STATES NAVY-MARINE CORPS COURT OF CRIMINAL APPEALS WASHINGTON, D.C.

Before
K.J. BRUBAKER, A.Y. MARKS, B.T. PALMER
Appellate Military Judges

UNITED STATES OF AMERICA

v.

PAUL E. COOPER
YEOMAN SEAMAN RECRUIT (E-1), U.S. NAVY

NMCCA 201500206
SPECIAL COURT-MARTIAL

Sentence Adjudged: 7 April 2015.
Military Judge: CAPT R.B. Blazewick, JAGC, USN.
Convening Authority: Commander, Navy Region Southeast, NAS, Jacksonville, FL.
Staff Judge Advocate's Recommendation: CDR N.O. Evans, JAGC, USN.
For Appellant: LT Ryan Aikin, JAGC, USN.
For Appellee: Maj Tracey Holtshirley, USMC; Capt Cory Carver, USMC.

26 May 2016

----------------------------------------------------
## OPINION OF THE COURT
----------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge convicted the appellant at a special court-martial of one specification of unauthorized absence and one specification of wrongful use of marijuana, in violation of Articles 86 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886 and 912a. The military judge sentenced the appellant to eight months' confinement and a bad-conduct discharge. The convening authority approved the sentence and executed all but the bad-conduct discharge, which he suspended for a period of 12 months.

The appellant now alleges two assignments of error (AOE)[1]: (1) the court-martial lacked jurisdiction to try him for wrongful drug use, because the conduct occurred after his orders to active duty expired; and (2) the conditions of his confinement constituted cruel and unusual punishment under Article 55, UCMJ, and the Eighth Amendment to the Constitution. We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## BACKGROUND

This is the second of the appellant's two courts-martial docketed by this court.

The appellant, a Reservist, was mobilized and began a period of active duty service on 3 August 2013. His end of active obligated service (EAOS) was 25 September 2014.

On 17 September 2014, members sitting as a general court-martial at Naval Station Mayport, Florida, convicted the appellant of sexual assault. The members began deliberating on a sentence but recessed for the evening before completing their deliberations. The appellant fled the area that night and did not appear at his court-martial the next morning. The members completed their deliberations and awarded the appellant five years' confinement, reduction to pay grade E-1, and a dishonorable discharge in absentia. The appellant remained out of contact with his command, and his whereabouts remained unknown until 17 October 2014, when he surrendered to military authorities at Cape Canaveral Air Force Station, Florida. At least one urinalysis conducted as part of the appellant's return to military custody was positive for a metabolite of marijuana. The appellant later admitted he knowingly ate several marijuana-laced brownies on or about 16 October.

The appellant served approximately two weeks of his general court-martial-awarded confinement at Pretrial Confinement Facility, Jacksonville, Florida, before being transferred to Naval Consolidated Brig Charleston, South Carolina. On 26 February 2015, he was returned to the Pretrial Confinement Facility in Jacksonville in anticipation of his special court-martial there on 7 April 2015. Although awaiting trial, the appellant was serving post-trial, not pretrial, confinement. Immediately following his special court-martial on 7 April 2015, the appellant was transported to Naval Consolidated Brig Miramar, California, to serve his sentences to confinement for both courts-martial.

## ANALYSIS

### I.      *Court-Martial Jurisdiction*

The appellant challenges the court-martial's jurisdiction over his wrongful use of marijuana on or about 16 October 2014 based on his end of active obligated service (EAOS) date of 25 September 2014.

---

[1] The appellant raised both assignments of error pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

This court reviews questions of jurisdiction *de novo*. *United States v. Morita*, 74 M.J. 116, 120 (C.A.A.F. 2015).

The Government bears the burden of establishing court-martial jurisdiction by a preponderance of the evidence upon challenge. *Id*. at 121. Military members are subject to court-martial jurisdiction when "lawfully called or ordered into, or to duty in or for training in, the armed forces . . . ." Article 2(a)(1), UCMJ; *see also* RULE FOR COURTS-MARTIAL 202(a), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Discussion ¶ (2).

> Court-martial jurisdiction attaches over a person when action with a view to trial of that person is taken. Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, *notwithstanding the expiration of that person's term of service* or other period in which that person was subject to the code or trial by court-martial. When jurisdiction attaches over a servicemember on active duty, the servicemember may be held on active duty over objection pending disposition of any offense for which held and *shall remain subject to the code during the entire period*.

RCM 202(c)(1) (emphasis added). A period of voluntary, unauthorized absence does not terminate the court-martial's jurisdiction. RCM 804(c); *see also United States v. Cook*, 43 C.M.R. 344, 346 (C.M.A. 1971).

In his stipulation of fact and during the providence inquiry, the appellant admitted to beginning a period of active duty on 3 August 2013 from which he had not been discharged. On 18 September 2014, the appellant was in the midst of a general court-martial and thus subject to court-martial jurisdiction. With knowledge of his conviction for sexual assault and his duty to report to the court-martial to await his sentence, he voluntarily began a period of unauthorized absence. The general court-martial continued and reached a sentence in his absence.

The appellant's EAOS passed on 25 September 2014, and his entitlement to pay ended, but the Navy neither issued a DD Form 214 nor took other action to discharge him from his enlistment or mobilization. Despite expiration of his orders and his unauthorized absence, court-martial jurisdiction over the appellant endured and applied to him when he wrongfully used marijuana on 16 October 2014. The Government has proven by a preponderance of the evidence that the appellant had not been discharged from active duty on 16 October 2014 and thus remained under court-martial jurisdiction. As such, his challenge to the special court-martial's jurisdiction over his wrongful drug use fails.

## II.     *Cruel and Unusual Punishment*

The appellant alleges that the conditions of his confinement at Pretrial Confinement Facility Jacksonville and during his transit to Navy Consolidated Brig Miramar, California, constituted cruel and unusual punishment in violation of Article 55, UCMJ, and the Eighth Amendment.

This court reviews allegations of post-trial violations of the Eighth Amendment and Article 55, UCMJ, *de novo*. *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001).

Before a prisoner may petition an appellate court with a claim of cruel and unusual punishment in confinement, he or she must first seek administrative relief. *United States v. Coffey*, 38 M.J. 290, 291 (C.M.A. 1993). An appellant must show, "absent some unusual or egregious circumstance, that he has exhausted the prisoner grievance system of the [confinement facility] and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938." *Id.*; *see also White*, 54 M.J. at 472.

"[T]he exhaustion requirement in Coffey [sic] is intended to ensure that an adequate record has been developed with respect to the procedures for considering a prisoner grievance and applicable standards." *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997). Without such a record, the Court of Appeals for the Armed Forces (CAAF) found the claim in *Miller* failed to demonstrate the service's mishandling of its grievance procedures or failure to balance institutional and individual needs or that conditions amounted to cruel and unusual punishment. *Id.*

In *United States v. Lovett*, 63 M.J. 211 (C.A.A.F. 2006), the CAAF imposed three requirements on appellants claiming their confinement violated the Eighth Amendment: "(1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [the appellant's] health and safety; and (3) that he has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938 [2000]." *Id.* at 215 (citations and internal quotation marks omitted). The *Lovett* court considered declarations from the appellant regarding conditions in the confinement facility and his complaints to officials and agencies, a six-year-old report from the American Correctional Association Visiting Committee, and stipulations of expected testimony from cases litigating a similar issue. *Id.* at 214. Without "evidence showing what the officials knew and that they disregarded known risks to inmate safety," the appellant could not prove deliberate indifference on their part and thus could not establish an Eighth Amendment claim. *Id.* at 216.

The record regarding cruel and unusual punishment in this case consists of the appellant's unsworn testimony at his special court-martial and a sworn affidavit from the appellant. Neither contains evidence the appellant ever invoked the prisoner grievance system in the facilities in which he was confined. There is no evidence he submitted an Article 138, UCMJ, complaint, or that circumstances prevented him from doing so. The appellant testified about the conditions of his confinement during his unsworn statement at his special court-martial, but he did not allege a violation of Article 13, UCMJ. Thus the record contains no other evidence or findings of fact from the military judge. There is no evidence that confinement facility leadership was aware of the appellant's complaints or was indifferent to them. The appellant's complaint falls short of the standard required for intervention by this court.

4

**CONCLUSION**

The findings and the sentence are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

