# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

No. 201600191

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## BRIAN C. LEONARD
Electrician's Mate Third Class (E-4), U.S. Navy
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain David M. Harrison, JAGC USN.
For Appellant: Commander R.D. Evans, Jr., JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson,
JAGC, USN; Lieutenant Megan P. Marinos, JAGC, USN.

———————————————

Decided 29 September 2016

———————————————

Before CAMPBELL, RUGH, and HUTCHISON, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

HUTCHISON, Judge:

At special court-martial, a military judge convicted the appellant, consistent with his pleas, of two specifications of assault consummated by battery in violation of Article 128, Uniform Code of Military Justice, (UCMJ) 10 U.S.C. § 928.[1] The military judge sentenced the appellant to four months'

———————————

[1] A charge and two specifications alleging violations of Article 120, UCMJ, 10 U.S.C. § 920 were referred to special court-martial on 6 October 2015. Pursuant to a pretrial agreement, the convening authority agreed to withdraw and dismiss that charge and refer only the current charge. Appellate Exhibits I, II, and III.

confinement, reduction to pay grade E-1, forfeiture of $1,044.00 pay per month for four months, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged.

The appellant now alleges as error that he suffered illegal post-trial punishment.[2] We disagree, find no error materially prejudicial to the appellant's substantial rights, and affirm the findings and sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant was assigned to the USS FRANK CABLE (AS 40), homeported in Guam. Following the FRANK CABLE's return from deployment, the appellant and several other Sailors attended a party at an off-base residence where Air Force Senior Airman FA resided with one of the appellant's shipmates. At the end of the evening, the appellant and FA went to sleep in FA's bed, and the appellant unlawfully touched FA on the vagina and put her hand on his penis.

Following his conviction, the appellant was confined to the Joint Region Marianas Confinement Facility, operated by the 36th Security Forces Squadron onboard Anderson Air Force Base, Guam. On 30 March 2016, 62 days after being placed into confinement, the appellant's trial defense counsel submitted matters to the CA, pursuant to RULE FOR COURTS-MARTIAL 1105, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), alleging, *inter alia*, that the appellant was subjected to "cruel and unusual post-trial punishment in violation of the Eighth Amendment of the United States Constitution."[3] Trial defense counsel claimed the appellant was subjected to "de facto solitary confinement," permitted no time outdoors or access to physical activity equipment, and received deliberate indifference from confinement facility personnel and his command members regarding appellant's medical needs.[4]

On 12 April 2016, the CA's staff judge advocate (SJA) responded to trial defense counsel's allegations of cruel and unusual punishment, noting that Guam had only one confinement facility and with relatively few courts-

---

[2] Specifically, the appellant contends that: (1) the court should disapprove the punitive discharge in light of the illegal post-trial punishment that the appellant suffered; or (2) in the alternative, the court should order remand for a hearing consistent with *United States v. DuBay*, 37 C.M.R. 411 (C.M.A. 1967), on issues surrounding the appellant's claim that he suffered cruel and unusual punishment.

[3] Detailed Defense Counsel letter dtd 30 Mar 2016.

[4] *Id.* Prior to trial, the appellant had hand surgery that required follow-on care during confinement.

martial on the island, often had very few prisoners.[5] The SJA also commented on the appellant's medical care and detailed the various steps the command had taken to ensure the appellant made it to his "weekly appointments for consults, therapy, and multiple surgeries from a civilian hand surgeon specialist."[6] On 22 April 2016, trial defense counsel renewed his allegations that this "de facto" solitary confinement and denial of necessary medical care was cruel and unusual punishment.[7] The CA took his action on 2 May 2016 and approved the sentence as adjudged.

## II. DISCUSSION

### A. Cruel and unusual punishment

The appellant alleges that the conditions of his confinement at Joint Region Marianas Confinement Facility constituted cruel and unusual punishment in violation of Article 55, UCMJ, and the Eighth Amendment.

We review allegations of cruel or unusual punishment under a *de novo* standard. *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001). In evaluating both constitutional and statutory allegations of cruel or unusual punishment, we apply the Supreme Court's Eighth Amendment jurisprudence "in the absence of legislative intent to create greater protections in the UCMJ." *United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006). The Eighth Amendment forbids punishment that is "'incompatible with the evolving standards of decency that mark the progress of a maturing society, or which involve the unnecessary and wanton infliction of pain.'" *Id.* at 214 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)). The Court of Appeals for the Armed Forces (CAAF) has imposed three requirements on appellants claiming their confinement violated the Eighth Amendment: "(1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [the appellant's] health and safety; and (3) that he has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938 [2000]." *Id.*

---

[5.] SJA's Addendum to the Recommendation dtd 12 Apr 2016.

[6] *Id.* at 3.

[7] Defense Response to First SJA's Recommendation Addendum of 22 Apr 2016. In both the original clemency matters and in response to the Addendum, trial defense counsel's arguments focused on two central issues: 1) that the CA's failure to transfer the appellant to Consolidated Brig Miramar, as was required by Bureau of Naval Personnel Instruction 1640.22 for personnel sentenced to either a punitive discharge or confinement in excess of 30 days, amounted to deliberate indifference to the appellant's "de facto" solitary confinement; and 2) the denial of necessary medical care for his injured hand; specifically the need for occupational therapy.

at 215 (citations and internal quotation marks omitted) (alteration in original). The appellant failed to demonstrate that he exhausted his administrative remedies; therefore, his complaints fall short of the standard required for intervention by this court.[8]

## B. Exhaustion of administrative remedies

Before a prisoner may petition an appellate court with a claim of cruel and unusual punishment in confinement, he or she must first seek administrative relief. *United States v. Coffey*, 38 M.J. 290, 291 (C.M.A. 1993). An appellant must show, "absent some unusual or egregious circumstance, that he has exhausted the prisoner grievance system of the [confinement facility] and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938." *Id.* (citation omitted); *see also White*, 54 M.J. at 472. "[T]he exhaustion requirement in *Coffey* is intended to ensure that an adequate record has been developed with respect to the procedures for considering a prisoner grievance and applicable standards." *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997).

The record regarding cruel and unusual punishment in this case consists only of trial defense counsel's clemency matters submitted to the CA.[9] Consequently, there is no evidence within the record that the appellant availed himself of the confinement facility's grievance system, that he submitted an Article 138, UCMJ complaint or, conversely, that unusual or egregious circumstances prevented him from doing either.[10] Despite having spent six weeks in post-trial confinement before authentication of the record of trial, the record is devoid of any request for a post-trial Article 39(a), UCMJ, session that would have involved the military judge in discussions of confinement conditions. *See Miller*, 46 M.J. at 250. Thus the record contains no other evidence or findings of fact from the military judge. There is no evidence in the record that confinement facility leadership was aware of the appellant's complaints or was indifferent to them.

The fact that the appellant's trial defense counsel raised illegal confinement conditions with the CA is also insufficient. The CAAF has

---

[8] We also note that the appellant has not alleged, either in his post-trial clemency matters or in his pleadings before this court, that there existed unusual or egregious circumstances necessitating judicial intervention; nor do we find any.

[9] The appellant did not submit an affidavit detailing the conditions of his confinement or describing the administrative remedies he sought.

[10] Notably, the appellant's communications were not stifled; trial defense counsel submitted a deferment request on behalf of the appellant within two days of being placed into confinement and the clemency matters submitted confirm the fact that the appellant had access to his defense counsel.

recognized that simply complaining to the CA about post-trial confinement conditions does not satisfy the *Coffey* requirement to first seek administrative relief. In *White*, the appellant first sought relief for his perceived illegal confinement conditions when he petitioned the CA for clemency; however, the court recognized that the CA owned neither "the confinement facility [n]or the Air Force Base on which the confinement facility was located." *White*, 54 M.J. at 472. Here, the CA commands a Navy ship and has no authority over either the Joint Region Marianas Confinement Facility or the Air Force installation on which it is located. Therefore, we conclude that the appellant failed to exhaust the prisoner-grievance system or petition for relief under Article 138, UCMJ, at Joint Base Marianas Confinement Facility as required by *Coffee* and *Lovett*.

## C. *DuBay* hearing

As alternative relief, the appellant urges this court to remand the case for a *DuBay* hearing in order to determine whether the appellant suffered cruel and unusual punishment, whether he exhausted his administrative remedies, and, if he did not exhaust those remedies, whether circumstances excuse his failure to exhaust those administrative remedies.

Mindful of the framework established in *United States v. Ginn*, 47 M.J. 236 (C.A.A.F. 1997) and extended to post-trial, collateral claims of cruel and unusual punishment in *United States v. Fagan*, 59 M.J. 238 (C.A.A.F. 2004), we decline to order a *DuBay* hearing. The *Ginn/Fagan* framework relies on "affidavit-based" post-trial claims. *Id.* at 242. "Specifically, [the *Ginn* framework] focuses on the circumstances under which a *DuBay* hearing is required to resolve a post-trial claim that is framed by conflicting affidavits." *Id.* at 241. Here, appellant has submitted no affidavit explaining his confinement conditions, what administrative remedies he sought, or what unusual or egregious circumstances existed. Moreover, nothing in the appellant's post-trial clemency submissions or his pleadings before this court indicates that he did anything to meet the threshold requirement that he exhaust his administrative remedies. Simply put, there are no conflicting facts regarding the pursuit of administrative remedies that a *DuBay* hearing would resolve.

### III. CONCLUSION

The findings and the sentence are affirmed.

Senior Judge CAMPBELL and Judge RUGH concur.

For the Court



R.H. TROIDL
Clerk of Court