# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39403**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Richard S. WOODS**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 26 July 2019

———————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge, confinement for 6 months, and reduction to E-1. Sentence adjudged 8 November 2017 by GCM convened at Robins Air Force Base, Georgia.

*For Appellant:* Major Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Thomas C. Franzinger, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Senior Judge J. JOHNSON delivered the opinion of the court, in which Judge POSCH and Judge KEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

J. JOHNSON, Senior Judge:

A general court-martial composed of a military judge alone convicted Appellant, in accordance with his pleas, of assault with a means likely to produce

death or grievous bodily harm in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant now personally asserts that he is entitled to sentence relief because the conditions of his post-trial confinement violated his rights under the Eighth Amendment[2] and Articles 55 and 58, UCMJ, 10 U.S.C. §§ 855, 858,[3] or in the alternative rendered his sentence inappropriately severe pursuant to *United States v. Gay*, 75 M.J. 264 (C.A.A.F. 2015). We find no sentence relief is warranted, and we affirm the findings and sentence.

## I. BACKGROUND

In July 2016, Appellant began dating Airman First Class (A1C) AH, a member of Appellant's squadron. A1C AH ended the relationship after approximately one month. Several months later, Appellant began to discuss with A1C AH the possibility of resuming the relationship. Their final conversation took place on 6 December 2016 at Appellant's residence and ended after A1C AH reiterated that she did not want to resume dating Appellant. As A1C AH was exiting the residence, Appellant suddenly wrapped his arm around A1C AH's neck from behind her and strangled her, cutting off her airway and the flow of blood to her brain. Unable to speak, A1C AH repeatedly tapped Appellant's arm in an effort to have him release her. Appellant responded, "No, I won't let go," and dragged A1C AH back into his bedroom as A1C AH lost consciousness.

After A1C AH passed out, Appellant was afraid he had killed her. He tried to revive her by slapping her face and shouting at her. A1C AH awoke after a few seconds. After a brief conversation, Appellant walked A1C AH to her car. Before A1C AH departed, Appellant told her she should report what he had done. As a result of the assault, A1C AH suffered from bruising on her neck,

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) are found in the *Manual for Courts-Martial, United States* (2016 ed.).

[2] U.S. CONST. amend. VIII.

[3] With respect to conditions of confinement, Article 58, UCMJ, 10 U.S.C. § 858, provides in pertinent part that a person serving a term of confinement adjudged by a court-martial in a facility "not under the control of one of the armed forces [is] subject to the same discipline and treatment as persons confined or committed by the courts of the United States or of the State, District of Columbia, or place in which the institution is situated." As Appellant's assignment of error relates to his confinement in a military facility, Article 58, UCMJ, plays no further role in our analysis.

back pain, sore throat, difficulty swallowing, and a hoarse voice, but she sustained no long-term injuries.

After Appellant's court-martial, he was confined at Naval Consolidated Brig Charleston (NCBC) in Charleston, South Carolina, from 16 November 2017 until 19 March 2018. Appellant has submitted a declaration to the court addressing his allegedly deficient medical care during his confinement at NCBC. First, Appellant explains that he suffers from sleep apnea and relies on a "CPAP machine" in order to sleep at night. Appellant alleges:

> It took the confinement facility over 2 months to get me a [CPAP] machine, which had a detrimental effect on my overall health. When I finally got the CPAP machine, I was at first unable to use it, because my original jail cell did not have an outlet to plug it in. After some time, I was moved to a cell with an outlet, however, I was not permitted to use cleaning materials to clean the sleeping machine. I was only able to use the machine for a short time, as the machine became very dirty, rendering it unusable.

Second, Appellant alleges the confinement facility staff "refused" to provide him prescribed medication for a bleeding ulcer for two weeks, during which time he was "coughing up blood."

In response, the Government has submitted an affidavit from Petty Officer CC, the Leading Petty Officer at NCBC whose duties include "patient care and managing the medical department." Petty Officer CC relates that new prisoners at NCBC are provided with a handbook that describes the procedure to be seen at sick call for medical needs. Petty Officer CC further relates that Appellant arrived at NCBC on 16 November 2017 with a CPAP machine, among other personal effects kept secured in a "seabag." According to Petty Officer CC, Appellant mentioned the CPAP machine to Petty Officer CC when Petty Officer CC provided Appellant his medication that first day. In response, Petty Officer CC advised Appellant of the process for submitting a prisoner request form to have the machine brought from his seabag to the medical department. However, the medical department never received such a request from Appellant. On 12 January 2018, Appellant requested to access his seabag and Appellant retrieved his CPAP machine. Petty Officer CC asserts there is no other record that Appellant requested his CPAP machine prior to 12 January 2018, that Appellant was unable to use the machine, that Appellant submitted a request form to change cells or for cleaning supplies, or that the machine was "unusable." With regard to Appellant's ulcer medication, Petty Officer CC asserts there is "no documented evidence" that the medical staff refused to provide Appellant medication or that Appellant coughed up blood due to a bleeding ulcer.

## II. DISCUSSION

### A. Law

We review de novo whether an appellant has been subjected to impermissible conditions of post-trial confinement in violation of the Eighth Amendment or Article 55, UCMJ. *United States v. Wise*, 64 M.J. 468, 473 (C.A.A.F. 2007) (citing *United States v. White*, 54 M.J. 469, 471 (C.A.A.F. 2001)).

"Both the Eighth Amendment and Article 55, UCMJ, prohibit cruel and unusual punishment. In general, we apply the Supreme Court's interpretation of the Eighth Amendment to claims raised under Article 55, UCMJ, except where legislative intent to provide greater protections under Article 55 . . . is apparent." *United States v. Gay*, 74 M.J. 736, 740 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016). To demonstrate a violation of the Eighth Amendment, an appellant must show:

> (1) an objectively, sufficiently serious act or omission resulting in the denial of necessities; (2) a culpable state of mind on the part of prison officials amounting to deliberate indifference to [his] health and safety; and (3) that he "has exhausted the prisoner-grievance system . . . and that he has petitioned for relief under Article 138, UCMJ, 10 USC § 938 [2000]."

*United States v. Lovett*, 63 M.J. 211, 215 (C.A.A.F. 2006) (omission and second alteration in original) (internal citations omitted). "Denial of adequate medical attention can constitute an Eighth Amendment or Article 55 violation." *White*, 54 M.J. at 474 (citing *United States v. Sanchez*, 53 M.J. 393, 396 (C.A.A.F. 2000)). However, the standard is "reasonable" medical care rather than "perfect" or "optimal" care. *Id.* at 475. (citing *Harris v. Thigpen*, 941 F.2d 1495, 1510 (11th Cir. 1991)). The Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners," whether manifested by prison guards "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976) (citation omitted). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "Deliberate indifference" requires that the responsible official must be aware of an excessive risk to an inmate's health or safety and disregard that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Under our broad authority and mandate under Article 66(c), UCMJ, to approve only so much of the sentence as we find appropriate in law and fact, we may grant sentence relief due to an appellant's post-trial treatment even in the absence of an Eighth Amendment or Article 55 violation. *Gay*, 74 M.J. at 742–43; *see United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002).

**B. Analysis**

As an initial matter, we have considered whether a post-trial evidentiary hearing is required to resolve any factual disputes between Appellant's declaration and Petty Officer CC's affidavit. *See United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997); *United States v. DuBay*, 37 C.M.R. 411, 413 (C.M.A. 1967). We find a hearing unnecessary in this case. To the extent the two documents are inconsistent, resolving any factual disputes in Appellant's favor would not result in relief. *See Ginn*, 47 M.J. at 248.

In order to secure relief for cruel or unusual confinement conditions, Appellant bears the burden to demonstrate all three prongs of the test articulated in *Lovett* are met. 63 M.J. at 215. Appellant has failed to do so. Specifically, even if we take Appellant's assertions in the most favorable light and assume *arguendo* that confinement officials at NCBC unjustly refused to provide him reasonable medical care by withholding his CPAP machine and ulcer medication, Appellant has failed to demonstrate that he used, much less exhausted, the available prisoner grievance system, or that he petitioned for relief under Article 138, UCMJ.

In rare circumstances, military appellate courts have excused an appellant's failure to satisfy this third prong of the *Lovett* test. *See, e.g.*, *Wise*, 64 M.J. at 472–73 (C.A.A.F. 2007) (finding "unusual" circumstances excused the appellant's failure to seek relief for an Article 12, UCMJ, 10 U.S.C. § 912, complaint through the prisoner grievance or Article 138 processes); *United States v. Norman*, No. ACM 37945 (recon), 2014 CCA LEXIS 661, at *21–23 (A.F. Ct. Crim. App. 4 Sep. 2014) (per curiam) (unpub. op.) (citations omitted) (noting this court has not required resort to the prisoner grievance or Article 138 processes in "unusual or egregious circumstances" where the appellant did raise the issue "with someone connected with the military who would be in the position to relay the problem to an authority capable of remedying the situation"). However, we do not find Appellant's case presents such circumstances. Appellant has failed to demonstrate any unusual circumstance that either prevented him from seeking relief through the NCBC's procedures or under Article 138, UCMJ, or that he took an equivalent action to "relay the problem to an authority capable of remedying the situation." *Norman*, unpub. op. at *23. On the contrary, Appellant's case illustrates the rationale for the requirement, which serves to "promot[e] resolution of grievances at the lowest possible level . . . [and] to ensure that an adequate record has been developed . . . ." *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997).

We have also considered whether Appellant's assertions warrant sentence relief under our Article 66(c), UCMJ, authority despite Appellant's failure to demonstrate his entitlement to relief under *Lovett*. *See Gay*, 75 M.J. at 268. We find that they do not.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court