# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32370

————————————

## UNITED STATES
Appellee

**v.**

## Cameron D. JELKS
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 28 April 2017

————————————

*Military Judge:* Marvin W. Tubbs.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, and forfeiture of $1,000.00 pay per month for 7 months. Sentence adjudged 3 November 2015 by SpCM convened at Dyess Air Force Base, Texas.

*For Appellant:* Major Virginia M. Bare, USAF; Captain Patricia Encarnación-Miranda.

*For Appellee:* Major Amanda L.K. Linares, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, C. BROWN, and CARRILLO, *Appellate Military Judges.*

Judge CARRILLO delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

CARRILLO, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas, of one charge and three specifications of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for seven months, and forfeitures of $1,000.00 pay per month for seven months. In accordance with the terms of a pretrial agreement, the convening authority approved the bad-conduct discharge, confinement for five months, and the forfeitures.

Appellant raises two assignments of error: (1) that the personal data sheet attached to the staff judge advocate's recommendation (SJAR) to the convening authority was incorrect; and (2) that he is entitled to sentence appropriateness relief under Article 66(c), UCMJ, 10 U.S.C. § 866(c), because of the conditions in the civilian facility where he was confined post trial.[1] Appellant requests we order new post-trial processing or provide meaningful sentence relief. Finding no error materially prejudicial to a substantial right, we affirm the findings and sentence.

## I. BACKGROUND

Appellant used marijuana three times between 1 August 2015 and 21 September 2015, while he was stationed at Dyess Air Force Base (AFB), Texas. His drug use was confirmed by three separate urinalysis tests.

Appellant was also convicted at a summary court-martial and received nonjudicial punishment for wrongful marijuana use immediately prior to the charged time frame. The parties stipulated that Appellant's urine tested positive for tetrahydrocannabinol, the active ingredient in marijuana, on six occasions between 15 February 2015 and 21 September 2015.

## II. DISCUSSION

### A. Post-trial Processing

Although he did not object during clemency, Appellant now alleges the SJAR contained an incorrect personal data sheet (PDS). The PDS presented at trial stated the nature of pretrial restraint to be "military confinement." At trial, trial defense counsel objected, stating that he would rather the words "confinement facility" be used, because there was no confinement facility on

---

[1] The second issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

Dyess AFB and Appellant was in a county-run facility. The military judge overruled the objection, because the confinement was pursuant to a military order. The staff judge advocate (SJA) presented the same PDS to the convening authority, without comment on the pretrial restraint. Appellant did not object to the PDS at that time.

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to timely comment on matters in the SJAR, or on matters attached to the SJAR, forfeits any later claim of error in the absence of plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65).

In this case, Appellant failed to timely comment on the SJAR and attachments. As a result, we review the asserted deficiency for plain error.

Appellant argues that the SJA attached an incorrect PDS to the SJAR. Appellant is correct in stating that Air Force Instruction (AFI) 51-201, *Administration of Military Justice*, Figure 3.7 (6 June 2013), requires the PDS to include the "NATURE OF PRETRIAL RESTRAINT: *(See Note 5)*." Note 5 requires the inclusion of the "*type* of restraint (*see* [R.C.M.] 304(a)), date imposed, location, and number of days. Include restraint by civil authorities at the behest of the Air Force." AFI 51-201, Fig. 3.7 n.5 (emphasis added).

There are four different *types* of pretrial restraint:

> (1) *Conditions on liberty.* Conditions on liberty are imposed by orders directing a person to do or refrain from doing specified acts. Such conditions may be imposed in conjunction with other forms of restraint or separately.

> (2) *Restriction in lieu of arrest.* Restriction in lieu of arrest is the restraint of a person by oral or written orders directing the person to remain within specified limits; a restricted person shall, unless otherwise directed, perform full military duties while restricted.

> (3) *Arrest.* Arrest is the restraint of a person by oral or written order not imposed as punishment, directing the person to remain within specified limits; a person in the status of arrest may not be required to perform full military duties such as commanding or supervising personnel, serving as guard, or bearing arms. The status of arrest automatically ends when the

person is placed, by the authority who ordered the arrest or a superior authority, on duty inconsistent with the status of arrest, but this shall not prevent requiring the person arrested to do ordinary cleaning or policing, or to take part in routine training and duties.

(4) *Confinement.* Pretrial confinement is physical restraint, imposed by order of competent authority, depriving a person of freedom pending disposition of offenses. *See* R.C.M. 305.

R.C.M. 304(a).

Thus, on the PDS, under "NATURE OF PRETRIAL RESTRAINT," the choices are dictated by what type of restraint is actually imposed. In this case, Appellant was confined. The question is not where; rather, the question is what is the specific nature of the restraint. Thus, the use of the term "military confinement" was satisfactory to show that he was in confinement, and not simply restricted in lieu of arrest or any of the other (less restrictive) restraints. Pertinently, any "restraint by civil authorities at the behest of the Air Force" needs to be included in this section on the PDS. AFI 51-201, Fig. 3.7 n.5. Because Appellant was confined at the Taylor County Adult Correctional Facility, it was proper for the PDS to include his confinement on the PDS. While the word "military" (as well as the Defense-requested "facility") may be superfluous, the entry comports with AFI 51-201's requirement to include the type of R.C.M. 304(a) pretrial restraint.

In addition to providing the PDS to the convening authority, Appellant also avers that the SJA should have explained in the SJAR "the conditions in which Appellant would be confined, or had already been confined . . . where he was subject to different conditions than the ones he would have been subjected to in a military facility" because knowing this "may have affected the convening authority's clemency decision." R.C.M. 1106(d)(5) provides the SJA the opportunity to provide optional relevant information in the SJAR. However, Appellant does not explicitly claim this omission of optional information was error.

Because we do not find error in how the confinement was described on the PDS, Appellant does not prevail under plain error analysis.

## B. Complaint of Post-trial Confinement Conditions

After his conviction, Appellant remained confined at the Taylor County Adult Correctional Facility. He complains for the first time in an affidavit submitted to this court about his post-trial confinement conditions. Appellant states that while he was confined at the Taylor County Adult Correctional Facility: (1) he was confined to a one-man cell for 23 hours a day; (2) he was not allowed contact with other inmates; (3) he was allowed out of his cell for

one hour a day to shower, make phone calls, and watch television; (4) his meals were passed to him through the door by another inmate and he ate alone in his cell; (5) he was allowed out of his cell three days a week for solitary recreation; (6) he had to pay for phone calls at the rate of ten cents a minute plus a $3.50 connecting fee. Although he provides no case law or analysis for his claim, he is requesting "meaningful sentence relief." Appellant explains he did not "know [he] had an option to complain [about the conditions], because [he] was told the conditions were like this because of Air Force policy." He does not state who told him this information. Appellant does not claim he was prohibited in any manner from actually making a complaint about how he was housed, just that he was ignorant of the fact he could.

"'[A] prisoner must seek administrative relief prior to invoking judicial intervention' to redress concerns regarding post-trial confinement conditions." *United States v. Wise*, 64 M.J. 468, 471 (C.A.A.F. 2007) (citing *United States v. White,* 54 M.J. 469, 472 (C.A.A.F. 2001)). This requirement "promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has been developed [to aid appellate review]." *Id.* (alterations in original) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

This court "review[s] factual findings under a clearly erroneous standard, but the 'ultimate determination' of whether an Appellant exhausted administrative remedies is reviewed de novo, as a mixed question of law and fact." *Id.* (citing *United States v. Anderson*, 55 M.J. 198, 201 (C.A.A.F. 2001)).

The "[e]xhaustion [of administrative relief] requires Appellant to demonstrate that two paths of redress have been attempted, each without satisfactory result. Appellant must show that 'absent some unusual or egregious circumstance . . . he has exhausted the prisoner-grievance system [in his detention facility] and that he has petitioned for relief under Article 138.'" *Id.* (first two brackets added, final brackets and ellipses in original) (quoting *White*, 54 M.J. at 472). Additionally, because a "prime purpose of ensuring administrative exhaustion is the prompt amelioration of a prisoner's conditions of confinement, courts have required that these complaints be made while an appellant is [still] incarcerated." *Id.* at 471–72 (citing *United States v. White*, No. ACM 33583, 1999 CCA LEXIS 220, at *4, (A.F. Ct. Crim. App. 23 Jul. 1999) (unpub. op.) (holding that solely raising conditions of confinement complaints in post-release clemency submissions is inadequate to fulfill the requirement of exhausting administrative remedies and "after the appellant has been released from confinement . . . we have no remedy to provide"), *aff'd*, 54 M.J. 469).

Appellant filed his affidavit with this court on 27 January 2017, well after he was out of confinement. There is no record of Appellant filing a complaint about his confinement conditions while he was incarcerated either through the Taylor County Adult Correctional facility grievance process, or through his chain of command under Article 138, UCMJ, 10 U.S.C. § 938. Furthermore, Appellant has failed to identify any "unusual or egregious circumstance" that prohibited him from exhausting those remedies while incarcerated. The only reason he gives is that he did not know he had the "option to complain," which does not rise to the level of an unusual or egregious circumstance.

Appellant's claim fails because he did not exhaust his administrative remedies. His failure to fulfill the requirement stymies its purpose. Had he lodged a timely complaint to the confinement facility or pursuant to Article 138, UCMJ, there would have been an opportunity to investigate and ameliorate any violations. We note the particular conditions of Appellant's post-trial confinement are not so oppressive or disgraceful as to warrant sentence relief. There is no evidence he was subjected to physical or mental abuse, singled out for unusual treatment, or refused other necessities. Similarly, there is no evidence the conditions of his confinement impacted his access to counsel or any other post-trial due process right. Therefore, we find the extraordinary use of our Article 66(c) power to grant sentence relief is not warranted in this case. *See United States v. Gay*, 75 M.J. 264, 269 (C.A.A.F. 2016) (this court may employ its Article 66(c) authority to grant sentencing relief even in the absence of cruel or unusual punishment in violation of the Eighth Amendment and Article 55); *United States v. Milner*, No. ACM S32338, 2017 CCA LEXIS 84 (A.F. Ct. Crim. App. 7 Feb. 2017) (unpub. op.) (noting that this court will likely only exercise its Article 66(c) authority to grant sentence relief based upon conditions of post-trial confinement in very rare circumstances).

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

6