# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM S32713**

_____

**UNITED STATES**
*Appellee*

**v.**

**Kevin M. ROSALES GOMEZ**
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 30 November 2022

_____

*Military Judge:* Charles G. Warren.

*Sentence:* Sentence adjudged 28 July 2021 by SpCM convened at Fairchild Air Force Base, Washington. Sentence entered by military judge on 18 August 2021: Bad-conduct discharge, confinement for 80 days, reduction to E-1, and a reprimand.

*For Appellant:* Major David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Captain Olivia B. Hoff, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and MENDELSON, *Appellate Military Judges.*

Judge MENDELSON delivered the opinion of the court, in which Senior Judge KEY and Judge ANNEXSTAD joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

_____

MENDELSON, Judge:

In accordance with Appellant's pleas and pursuant to a plea agreement, a special court-martial comprised of a military judge sitting alone convicted Appellant of 11 specifications of absence without leave, in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886; two specifications of dereliction of duty, in violation of Article 92, UCMJ, 10 U.S.C. § 892; and two specifications of making a false official statement, in violation of Article 107, UCMJ, 10 U.S.C. § 907.[1] The court-martial sentenced Appellant to a bad-conduct discharge, 80 days of confinement, reduction to the grade of E-1, and a reprimand. The convening authority took no action on the sentence.

Appellant raises two assignments of error: (1) whether the convening authority's error in failing to take action on the sentence materially prejudiced Appellant's substantial rights; and (2) whether the confinement facility's deprivation of Appellant's First Amendment[2] right to free exercise of religion renders the sentence incorrect in law or otherwise inappropriately severe. We find no error materially prejudicial to Appellant's substantial rights and affirm the findings and sentence.

## I. BACKGROUND

Appellant was convicted of five specifications involving offenses that were committed prior to 1 January 2019. After the conclusion of the court-martial, on 9 August 2021, Appellant's trial defense counsel submitted a clemency request asking the convening authority to reduce the adjudged term of confinement. Appellant's defense counsel explained the request was based on the limitations the post-trial confinement facility imposed upon Appellant's ability to practice his faith, specifically because religious services were not readily available, and Appellant could not attend a weekly service that was an obligation of his faith. Trial defense counsel further explained, "The purpose for granting clemency in this case is . . . to hasten the restoration of [Appellant]'s First Amendment rights."

---

[1] Specifications 3, 4, and 5 of Charge I, absence without leave, charge offenses committed in 2018; and Specifications 1 and 2 of Charge III, false official statement, charge offenses committed in 2018. Accordingly, for these specifications, the punitive articles in Articles 86 and 107, UCMJ, 10 U.S.C. §§ 886 and 907, *Manual for Courts-Martial, United States* (2016 ed.), apply. Unless otherwise specified, all other references to the UCMJ and Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.). Pursuant to the plea agreement, two specifications of absence without leave, two specifications of dereliction of duty, and two specifications of false official statement were withdrawn and dismissed with prejudice.

[2] U.S. CONST. amend. I.

On 10 August 2021, the convening authority signed a Decision on Action memorandum stating, "I take no action on the sentence in this case" and prescribed language for the reprimand. In the memorandum, the convening authority also stated: "Prior to coming to this decision, I consulted with my Staff Judge Advocate. Before declining to take action, I considered matters timely submitted by [Appellant] under [Rule for Courts-Martial (R.C.M.)] 1106." Trial defense counsel received the Decision on Action memorandum on 11 August 2021, and Appellant did not file a motion with the military judge alleging convening authority error, as permitted under R.C.M. 1104(b)(1)(F).

## II. DISCUSSION

### A. Convening Authority's Decision on Action

Appellant claims prejudice from the convening authority's failure to take action on the sentence. He urges the court to remand his case for "another opportunity at clemency." We are not persuaded relief is warranted.

#### 1. Law

> [I]n any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part.

*United States v. Brubaker-Escobar*, 81 M.J. 471, 472 (C.A.A.F. 2021) (per curiam); *see also* Article 60, UCMJ, 10 U.S.C. § 860 (*Manual for Courts-Martial, United States* (2016 ed.) (2016 *MCM*)). The convening authority's failure to explicitly take one of those actions is a "procedural" error. *Brubaker-Escobar*, 81 M.J. at 475. "Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are 'test[ed] for material prejudice to a substantial right to determine whether relief is warranted.'" *Id.* (alteration in original) (quoting *United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005)).

#### 2. Analysis

Because Appellant was found guilty of at least one specification involving an offense committed before 1 January 2019, the convening authority was required to approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part. *See Brubaker-Escobar*, 81 M.J. at 472. Because the convening authority did not take one of these required actions, and instead took "no action on the sentence in this case," the convening authority committed a procedural error.

Citing *United States v. Scalo*, 60 M.J. 435 (C.A.A.F. 2005), Appellant argues he need only show "some colorable showing of possible prejudice" to demonstrate relief is warranted. *See id.* at 436–37 ("To meet this burden in the context of a post-trial recommendation error, whether that error is preserved or is otherwise considered under the plain error doctrine, an appellant must make 'some colorable showing of possible prejudice.'" (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000))). The Government, citing to *Brubaker-Escobar*, asserts this court tests procedural errors "for material prejudice to a substantial right to determine whether relief is warranted," 81 M.J. at 475, and contends the lower prejudicial threshold of "some colorable showing of possible prejudice," *Scalo*, 60 M.J. at 436-37, does not apply in this context.

We find the "some colorable showing of possible prejudice" standard does not apply when evaluating procedural error, like the one here, in the announcement of the convening authority's decision. *Id.* The convening authority's decision memorandum suffers from the same procedural defect as the one in *Brubaker-Escobar*, and in that case the United States Court of Appeals for the Armed Forces (CAAF) tested for material prejudice to a substantial right of the appellant to determine if relief was warranted. 81 M.J. at 475. In applying this test, the CAAF relied upon *Alexander* in which the Court held "we will not order relief absent a showing of prejudice." 61 M.J. at 270. The procedural error in *Brubaker-Escobar* and in the present case is a defect in the form of the announcement of a convening authority's decision, and not a post-trial recommendation error where the prejudicial threshold is low, requiring only some colorable showing of possible prejudice.[3] For these reasons, we follow the text and plain meaning of Article 59(a), UCMJ.

Testing for material prejudice to Appellant's substantial rights, we find no relief is warranted. To begin, the convening authority was not authorized to disapprove, commute, or suspend the adjudged bad-conduct discharge. *See* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A) (2016 *MCM*). While the convening authority did have power to disapprove, commute, or suspend the adjudged reduction in grade and reprimand, Appellant did not request such relief. The only relief Appellant requested was for the convening authority to reduce the adjudged term of confinement. Appellant justified the request based

---

[3] "[I]n the context of a post-trial recommendation error," the proper standard is "some colorable showing of possible prejudice." *United States v. Miller*, 82 M.J. 204, 208 (C.A.A.F. 2022) (quoting *Scalo*, 60 M.J. at 436–37); *see also Kho*, 54 M.J. at 64–65 (errors and omissions in staff judge advocate's recommendation (SJAR)); *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (defect in SJAR); *United States v. Chatman*, 46 M.J. 321, 323–24 (C.A.A.F. 1997) (defect in addendum to the SJAR).

on the conditions of his post-trial confinement, specifically, his assertion that the confinement facility imposed limitations on his ability to practice his faith.

The convening authority evaluated Appellant's clemency request, stating he "considered matters timely submitted by [Appellant] under R.C.M. 1106" and also consulted with his staff judge advocate (SJA). After Appellant submitted assignments of error to this court, the Government submitted a declaration from the SJA who advised the convening authority.[4] In the declaration, the SJA explained the convening authority's intent was to provide no relief on the sentence:

> As the SJA, I advise the [Special Court-Martial Convening Authority], in every case, on post-trial proceedings, including the Convening Authority Decision on Action. On 9 August 2021, [Appellant] submitted matters to the convening authority stating that he was unable to practice his religious beliefs at the Lincoln County Correctional Facility, because they did not offer weekly Catholic services. It was a one-page submission without any attachments submitted by his counsel requesting that [the convening authority] reduce his sentence to confinement. After considering the submission, [the convening authority] consulted with me and determined that the sentence, as adjudged, was appropriate. He memorialized his decision in the 10 August 2021 Convening Authority Decision on Action for *United States v. Senior Airman Kevin M. Rosales Gomez*. In taking "no action," his intent was to provide no relief on the sentence.

Appellant argues the convening authority's error in announcing "no action" on his sentence creates uncertainty as to whether "the convening authority even knew he could reduce the terms of confinement." We find no support for this argument. Appellant's own clemency submission informed the convening authority of his "authority to amend [Appellant's] sentence with downward adjustments" and urged the convening authority to use his authority to grant clemency by reducing the term of confinement. The convening authority, as stated in his decision memorandum, considered Appellant's clemency submission and consulted with his SJA before making his decision. Under these circumstances, we have no reason to doubt the convening authority was aware of

---

[4] We granted the Government's unopposed motion to attach the SJA's declaration. We find that consideration given by the convening authority to Appellant's clemency request is raised by the record, and thus we are not prohibited from considering the declaration in conducting our review. *See United States v. Jessie*, 79 M.J. 437, 444 (C.A.A.F. 2020) (holding Courts of Criminal Appeals (CCAs) may consider affidavits when doing so is necessary to resolve issues raised by materials in the record).

his authority to grant clemency, to include a reduction of the term of confinement. We are satisfied by the SJA's declaration that the convening authority decided to provide no relief.

Accordingly, we find the procedural error in the convening authority's Decision on Action memorandum did not result in material prejudice to Appellant's substantial rights.

## B. Conditions of Post-Trial Confinement

Appellant argues he is entitled to sentence relief due to the conditions of his post-trial confinement. Specifically, he asserts the confinement facility imposed limitations on his ability to practice his faith because it did not offer weekly religious services. Appellant maintains the denial of his free exercise of religion while in post-trial confinement rendered his sentence, as executed in the confinement facility, incorrect in law and inappropriately severe. We find Appellant failed to exhaust his administrative remedies prior to raising his conditions of post-trial confinement with this court, which precludes his claim.[5] We also find the sentence as entered under Article 60c, UCMJ, 10 U.S.C. § 860c, is both correct in law and not inappropriately severe.

### 1. Law

This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only . . . the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). We consider whether an appellant's sentence was appropriate "judged by 'individualized consideration' of the particular [appellant] 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)). Although we have broad discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

---

[5] We note Appellant does not allege the sentence as entered is inappropriately severe, but rather alleges that the post-trial confinement conditions operated to unlawfully increase the severity of the sentence or render the sentence inappropriate.

With respect to our review of the sentence, our superior court has explained this court has two responsibilities:

> The first is to ensure that the sentence imposed on an appellant is "correct in law." As an example of this mandate, [Courts of Criminal Appeals (CCAs)] are required to ensure that the adjudged and approved sentence in a particular case does not exceed the maximum penalty authorized under the applicable punitive article. The second relevant CCA responsibility under Article 66 is to determine whether the sentence imposed on an appellant "should be approved." As an example, CCAs must determine the appropriateness of an adjudged and approved sentence in light of the underlying facts adduced at trial, to include all extenuating and mitigating circumstances.

*United States v. Guinn*, 81 M.J. 195, 199 (C.A.A.F. 2021) (citations omitted). The CAAF further found that these responsibilities include granting sentencing relief based on post-trial confinement conditions that unlawfully increase the severity of the sentence or render the sentence inappropriate. *Id.* at 200.

However, in *Guinn*, the CAAF "fully recognize[d] that CCAs 'are not a clearinghouse for post-trial confinement complaints or grievances.'" *Id.* at 203 (quoting *United States v. Ferrando*, 77 M.J. 506, 517 (A.F. Ct. Crim. App. 2017)). The court continued:

> [I]t still remains the case that "[a]n appellant who asks [a CCA] to review prison conditions . . . must establish" the following: (1) a record demonstrating exhaustion of administrative remedies (i.e., exhaustion of the prisoner grievance system and a petition for relief under Article 138, UCMJ, 10 U.S.C. § 938 (2012), except in "unusual or egregious circumstances that would justify [the] failure" to exhaust); (2) "a clear record demonstrating . . . the jurisdictional basis for [the CCA's] action"; and (3) "a clear record demonstrating . . . the legal deficiency in administration of the prison."

*Id.* at 203 (alterations and omissions in original) (quoting *United States v. Miller*, 46 M.J. 248, 250 (C.A.A.F. 1997)).

"[A]bsent some unusual or egregious circumstance," an appellant must demonstrate "he has exhausted the prisoner-grievance system" at the confinement facility "and that he has petitioned for relief under Article 138, [UCMJ]." *United States v. Wise*, 64 M.J. 468, 471 (C.A.A.F. 2007) (internal quotation marks and citation omitted). "This requirement 'promot[es] resolution of grievances at the lowest possible level [and ensures] that an adequate record has

been developed [to aid appellate review].'" *Id.* (alterations in original) (quoting *Miller*, 46 M.J. at 250).

### 2. Analysis

Appellant does not contend that he exhausted administrative remedies by using the jail grievance system or petitioning for relief under Article 138, UCMJ, nor does the record suggest he exhausted those remedies. After receiving Appellant's assignments of error, the Government submitted declarations from the confinement facility superintendent and the chief of military justice at the base legal office averring there is no record of Appellant filing a request with the confinement facility to attend religious services, filing a grievance with the confinement facility, or filing an Article 138, UCMJ, complaint.[6]

Nor does Appellant claim, much less explain, "unusual or egregious circumstances that would justify his failure" to exhaust or render such efforts futile. *Miller*, 46 M.J. at 250. While Appellant argues he raised the conditions of his post-trial confinement in his clemency submission, the clemency submission alone is insufficient to satisfy Appellant's duty to exhaust administrative remedies, which is designed to promote resolution of grievances at the lowest possible level and to ensure the development of an adequate record to aid appellate review. *See Wise*, 64 M.J. at 471. In fact, Appellant was advised by his trial defense counsel in a Post-Trial and Appellate Rights Advisement memorandum, signed by Appellant on 24 July 2021, that "[i]n order to get relief for the poor conditions of your confinement, [he] ordinarily **must** first exhaust every administrative avenue available to try to correct the issue." The memorandum goes on to explain:

> To exhaust administrative avenues for relief, you should do each of the following; (1) submit a complaint to the confinement facility, preferably in writing; (2) request relief through clemency, if known at that time; and (3) file a complaint with the commander who ordered your confinement under Article 138, UCMJ, which needs to be done within 90 days of your discovery of the improper confinement conditions.

Accordingly, we find Appellant's claim fails because he did not exhaust administrative remedies before petitioning this court for relief, and the record

---

[6] We granted the Government's unopposed motion to attach the declarations. We find the conditions of post-trial confinement were raised by the record, and thus we are not prohibited from considering the declarations in conducting our review. *See Jessie*, 79 M.J. at 444 (holding CCAs may consider affidavits when doing so is necessary to resolve issues raised by materials in the record). The confinement facility superintendent's declaration explains the limitation on religious services was due to health concerns related to the COVID-19 global pandemic.

does not establish any unusual or egregious circumstances that would justify the failure to exhaust administrative remedies or render exhaustion futile.[7]

We have also given individualized consideration to Appellant, the nature and seriousness of his offenses, his record of service, and all other matters contained in the record of trial. In doing so, we find the sentence as entered under Article 60c, UCMJ, is both correct in law and not inappropriately severe.

### III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

---

[7] We note the confinement facility superintendent's declaration avers that requests for religious services were considered on a case-by-case basis.